IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYLANDO SANTIAGO, III, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-367 |
| : | |
| PHILADELPHIA CITY, U.S.A., *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

PAPPERT, J.                                                                                                        MAY 9, 2018

      Plaintiff Roylando Santiago, III, a prisoner incarcerated at the Curran-Fromhold Correctional Facility, initiated this civil action in January of 2018 by filing a Motion to Proceed *In Forma Pauperis* and a *pro se* Complaint. In an Order docketed February 2, 2018, the Court denied the Motion to Proceed *In Forma Pauperis* without prejudice because Santiago failed to file a certified copy of his prison account statement for the six-month period prior to filing his Complaint as required by 28 U.S.C. § 1915(a)(2). (ECF No. 2.) When Santiago failed to cure that defect in the thirty-day time period allotted by the Order, the Court dismissed his case without prejudice for failure to prosecute in an Order entered on the docket March 13, 2018. (ECF No. 3.) On April 30, 2018, the Court received from Santiago a Motion to Proceed *In Forma Pauperis*, a Prison Account Statement,[1] and an Amended Complaint. Having considered those filings, the Court will vacate its Order dismissing this case for failure to prosecute in light

---

[1] The prison account statement reflects activity from September 1, 2017 through March 16, 2018, rather than the six-month period prior to filing, which is July 29, 2017 through January 29, 2018. However, in light of Santiago's *pro se* status, the Court will accept his filing as substantial compliance with 28 U.S.C. § 1915(a)(2).

1

of Santiago's *pro se* status, grant Santiago leave to proceed *in forma pauperis*, and dismiss the Amended Complaint with prejudice as factually frivolous.

I[2]

The Amended Complaint, which was filed using a form complaint, appears to be raising claims against the City of Philadelphia pursuant to 42 U.S.C. § 1983 based on events that occurred at the Philadelphia Industrial Correctional Center in 2011. Santiago describes the facts giving rise to his claims as follows:

> Before my Uncle Louis Morales passed away from cancer (2011). He sent me a letter of intent – I have a flower on my heart. I'm radio active. God gave me a [sic] oath in Teledo, [sic] Ohio. On a talk radio on 1210 AM from two (2) AM too [sic] 6 AM, they have a show about aliens, and hearing aids. Someone has the signal in my ear. Who ever it is, keeps cutting it on and is taunting me.

(Am. Compl. ECF No. 6 at 3.)[3] He further indicates that a "symbol of justice" was referenced in the newspaper on December 25, 2016. (*Id.*)

Attachments to the Amended Complaint raise additional allegations about justice, the newspaper, and freedom of the press, and include a biblical quotation. In the section of the form complaint that asks a plaintiff to state information about grievances, Santiago wrote "I'm a king and also a messenger of God," and that he has "camera's in [his] eyes." (*Id.* at 7 & 10.) Attachments to the Amended Complaint include grievances that Santiago filed claiming that he is an "Indian King," alleging that he has a "flower" on his heart, asserting that his "bed vibrates," and asking to speak to a chaplain. (*Id.* at 8.)

---

[2] The following facts are taken from the Amended Complaint. The Amended Complaint is almost identical to the initial Complaint and supersedes the initial Complaint in this matter. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)).

[3] The Court uses the pagination assigned to the Amended Complaint by the CM-ECF system.

In the portion of the form complaint that asks a plaintiff to describe his injuries, Santiago wrote that he has "been in a [sic] accident with the Sheriff's Department," that he was going to "mental health for anxiety," and that his "bed vibrates all day in [his] cell." (*Id.* at 3.) In the section of the form complaint that asks a plaintiff to state the relief he seeks, Santiago wrote that he has "a civil judgement [sic] against [him] (civil)" and that he would like to be "relieved of the liability." (*Id.* at 10.) He also references *Miranda v. Arizona*, 384 U.S. 436 (1966), and two of his criminal cases (which are apparently the civil judgments to which he earlier referred), CP-51-CR-0001177-2010 and CP-51-CR-0005733-2010. Public dockets for those cases reflect that Santiago was convicted of drug-related charges and assault, and that his probation was recently revoked in one of those cases. Santiago also seeks $100 million in damages and "a share holders card with Wells Fargo that I will like return." (*Id.* at 11.)

II

The Court grants Santiago leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[4] As Santiago is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Amended Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

---

[4] As Santiago is a prisoner, however, he will be obligated to pay the fees in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Santiago is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

Santiago's allegations are nonsensical and nothing in his Amended Complaint gives rise to a logical basis for a claim. Accordingly, the Court will dismiss this case as factually frivolous. *See Golden v. Coleman*, 429 F. App'x 73, 74 (3d Cir. 2011) (per curiam) (dismissing case as factually frivolous when plaintiff alleged that the defendants "violated his constitutional rights by planting 'Government Micro Eye Cameras' in his food and broadcasting images obtained from those cameras on prison television"). Furthermore, in the event Santiago is attempting to challenge his criminal convictions by seeking relief from "the liability" of his "civil" judgment (Am. Compl. at 10), he may only do so by filing in federal court a petition for a writ of *habeas corpus* after exhausting state remedies. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

For the foregoing reasons, the Court will dismiss Santiago's Complaint and he will not be given leave to amend because amendment would be futile. An appropriate Order follows, which shall be docketed separately.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**